| xFITZSIMMONS, Judge,
concurring.
The difficulty with the case before us is the complexity of the inter-relationships: it is the relationship between Mr. Bankston and his employer the Quad Area; the relationship between Mr. Bankston and Lounges, Inc.; the relationship between Lounges, Inc and Quad Area; and then finally, the relationship between Mr. Bankston as a member of the Parish Council to Quad Area and to Lounges, Inc. Unfortunately, the appearance is not a sound one. However, when one looks at the “totality of circumstances” [id est, the rent rate was 150% less than any other bidder and Mr. Bankston abstained from voting when the initial proposal was presented to the council], combined with the ambiguity, if not meandering, of the statute itself, then “misdeed” is not the proper conclusion.
*709 While it is true that “no public servant ... shall participate in a transaction involving the governmental entity in which, to his actual knowledge, [any legal entity in which that public servant owns an interest in excess of twenty-five percent] ... has a substantial economic interest [,] ... ” La. R.S. 42:1112(B)(5), the record here indicates that the term “substantial economic interest” is a relative one that was not proven below. For example, fifty percent of a minor entity is not necessarily “substantial.” The problem sought to be addressed by the statute is that there could be abuse by public officials: namely, the existence of a corporation could be used to funnel funds to the unscrupulous. Thus, it is of paramount importance to seek to examine the transaction holistically. The purpose of this statute is to prohibit undue or concealed personal gain as a result of one’s governmental position at the public’s expense. This did not happen here.